ZINTER, Justice
(concurring in part and dissenting in part).
[¶ 74.] I join the opinion of the Court on the issue of causation. However, I respectfully dissent on the issue of notice. In my view, the notice issue should be remanded because there is conflicting evidence concerning Employer’s actual knowledge of the work-related nature of the disability. Moreover, although the administrative agency tried this factual dispute concerning notice, it has not resolved the conflicting evidence. Therefore, even though this Court identifies evidence that employer may have admitted actual notice, the dispute was not resolved below and we should not resolve this conflict involving live testimony. We should remand for the entry of findings of fact and conclusions of law on the issue of actual notice.
[¶ 75.] It bears repeating that in this type of appeal, we are reviewing the findings of fact and conclusions of law of the administrative agency rather than the findings and conclusions of the circuit court. Therefore, “ ‘[t]he Supreme Court [reviews] the administrative agency’s decision ... unaided by any presumption that the circuit court’s decision was correct.’ ” Kurtz v. SCI, 1998 SD 37, ¶ 10, 576 N.W.2d 878, 882 (quoting Zoss v. United Bldg. Ctrs., Inc., 1997 SD 93, ¶6, 566 N.W.2d 840, 843).
[¶ 76.] In this case the issue of notice was fully litigated at the administrative hearing, but the hearing examiner expressly declined to decide the issue because she *602 disposed of the case on the issue of causation. This Court, however, decides the notice issue on appellate review by focusing solely on alleged concessions of the employer. However, live testimony was taken on the notice issue and the only findings adopted by the hearing examiner suggest that Employers did not have actual notice. For example, in Findings 48-53 the hearing examiner found:
(1) that Employer received a report of first injury on May 20, 2002;
(2) that May 20, 2002, was the first time Employer became aware that Claimant was claiming to have sustained a work-related injury;
(3) that Mr. Stoebner was surprised when he received Claimant’s first report of injury;
(4) that Employer had posted a notice in the workplace notifying employees that they were to promptly report any injuries they received while working; and
(5) that neither Claimant nor any doctor ever informed either Permann or Stoeb-ner that Claimant had been injured while working.
Ultimately, the hearing examiner did not adopt findings or conclusions resolving the conflict between these findings and the testimony of the two employers relied upon by this Court. That conflict remains unresolved by any fact finder.
[¶ 77.] Because the notice issue should be decided after a resolution of this conflicting live testimony, I would remand the matter for dispositive findings and conclusions. I would also remand because the findings that were adopted by the hearing examiner suggest no actual notice, this Court decides the issue on other testimony not even acknowledged by the hearing examiner, and the hearing examiner has yet to actually decide the issue. Under these circumstances a remand is required because, as we have often noted, “the fact finder ... had the advantage of hearing testimony of witnesses and could directly judge their credibility. As a reviewing court, neither the circuit court nor this [C]ourt should attempt to assume such a role.” Hendricksen v. Harris, 1999 SD 130, ¶ 7, 600 N.W.2d 180, 181.